**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**UNITED STATES**                                                **PLAINTIFF/RESPONDENT**


**V.**                                   **No.  2:10-CV-02128**
                                         **No.  2:04-CR-20067**

**MATHEW MEYER, also known as**
**MATHEW SALEM**                                         **DEFENDANT/PETITIONER**

<u>**REPORT AND RECOMMENDATION**</u>

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions, *See ECF No. 62*  filed August 27, 2010, under 28 U.S.C. § 2255.  The Government

filed its Response, *See ECF No.* 64, on September 27, 2010. The Petitioner has not filed a Reply.

**I.  Background**

On November 18, 2004, Meyer was indicted and charged with one count of violating 18

U.S.C. § 2251(a), producing child pornography with materials that have moved in interstate

commerce. *See ECF No.* 11.

On February 4, 2005, the Federal Bureau of Prisons submitted a Psychiatric Evaluation

Report for Meyer. *See ECF No.* 14. The report stated Meyer did not appear to be suffering from

any severe mental disease or defect. Additionally, the report stated that Meyer could understand

the legal proceedings and properly assist his counsel.

On April 26, 2005, Meyer appeared before the Honorable Robert T. Dawson, United

States District Judge, for a Change of Plea Hearing. *See ECF No.* 37. A Plea Agreement was

presented to the court in which Meyer agreed to plead guilty to the charge contained in the Indictment in exchange for the United States' agreement to recommend that he receive a reduction for acceptance of responsibility. (Plea Agreement ¶¶ 1, 2).

At the Plea Hearing, Meyer acknowledged that he had signed the Plea Agreement and that he understood it. (Change of Plea Hearing Transcript, hereinafter "CPT," p. 4 - 5). After the United States recited the factual basis for the plea, Meyer stated that he believed the government could prove the facts as stated. (CPT, pp. 11 - 13). The district court accepted Meyer's plea of guilty and ordered a Presentence Report. (CPT, p. 14).

On January 5, 2006, the district court sentenced Meyer to 270 months imprisonment, followed by lifetime supervised release, imposed a $5,000 fine, and ordered Meyer to pay a $100 special assessment. *See ECF No.* 47.

Meyer timely appealed his sentence, arguing that he received improper notice that the district court intended to sentence him above the guideline range and that his sentence was unreasonable. *See ECF No.* 48. On July 11, 2006, the Eighth Circuit affirmed Meyer's 270-month sentence. See, United States v. Meyer, 452 F.3d 998 (8th Cir. 2006). The Opinion of the Eighth Circuit was filed with the district court on September 14, 2006. *See ECF No.* 57.

On November 27, 2006, Meyer petitioned the United States Supreme Court for a writ of certiorari. *See ECF No.* 60. The Supreme Court denied Meyer's petition, which was filed with the district court on June 30, 2008. *See ECF No.* 61.

On August 27, 2010 the Petitioner filed the instant Motion pursuant to 28 U.S.C. §2255 and alleged that his counsel was ineffective for failing to file a motion to suppress the video of the Petitioner engaging in sexual activity with a minor.

-2-

## II.  Discussion

### A.  Statute of Limitations

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In the present case the United States Supreme Court denied certiorari on June 23, 2008 and it was filed on June 27, 2008, ECF No. 61, and that became the operative date. *See, United States v. McIntosh*, 332 F.3d 550, 550-51 (8th Cir. 2003) (judgment of conviction is final, and § 2255 limitation period begins to run, on date Supreme Court denies certiorari petition).  The Motion is belatedly filed and the issue is whether the doctrine of equitable tolling should be applied.

### 1.  Equitable Tolling

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001).  The Court stated, "[e]quitable tolling should only apply where the petitioner

or movant has demonstrated diligence in pursuing the matter." *U.S. v. Martin*, 408 F.3d 1089 at

1095.

In the present case the petitioner contends that his mental impairment "was so servere

(sic) that it would had made him unable to act diligently" and also "due to the side effects of the

medications." ECF No. 62, p. 7. The Petitioner also contends that at times he "would wake up

not knowing what day it was, how long he'd been incarcerated, and what he had actually been

incarcerated for." Id., p. 8.

2. Mental Illness

The doctrine of equitable tolling for mental illness is appropriate for motion under 28

U.S.C. § 2255. *See U.S. v. Martin*, 408 F. 3d 1089 (2005). As a general matter, the federal courts

will apply equitable tolling because of a petitioner's mental condition only in cases of profound

mental incapacity. *U.S. v. Sosa,* 364 F.3d 507, 513 (C.A.4 (N.C.),2004) *citing Grant v.*

*McDonnell Douglas Corp*., 163 F.3d 1136, 1138 (9th Cir.1998) (finding equitable tolling based

on mental condition to be appropriate "only in exceptional circumstances, such as

institutionalization or adjudged mental incompetence").

Tolling is appropriate only if the mental illness actually prevents the plaintiff from

understanding his or her legal affairs and from complying with the time limit. Miller, 77 F.3d at

191. A diagnosis of mental illness is not enough to justify tolling without evidence that the

illness actually prevented the plaintiff from complying with the deadline. Id. at 191-92 (reasoning

that even serious mental illnesses are treatable); *Nunnally,* 996 F.2d at 5; *see also Dautremont v.*

*Broadlawns Hosp*., 827 F.2d 291, 296 (8th Cir.1987) (in action under 42 U.S.C. § 1983, no

tolling where the plaintiff was "cognizant of his rights" even though he was a patient in a mental

-4-

hospital, with a diagnosis of schizophrenia).  *Jessie v. Potter,* 516 F.3d 709, 714 (C.A.8

(Mo.),2008).

The Petitioner has asserted that the medications he is on cause sleepiness, blurry vision,

confusion, racing thoughts, dizziness, and inability to concentrate. *ECF No.* 62, p. 16.

The court has reviewed the Mental Evaluation provided to the court on January 28, 2005.

The Petitioner was not on any medication at the time he was admitted for his psychiatric

evaluation or placed on any medication during the evaluation process. (Psy. Report, p. 5).  The

report further stated that the Petitioner "did not report or demonstrate, any signs or symptoms, of

formal thought disorder" (Id., p. 4) and that his "attention and concentration skills were intact".

(Id., p. 5). The Petitioner had stated that he had been provided with a prescription for Effexor

(antidepressant medication) but that he never had the prescription filled. The Petitioner was

found competent to stand trial and to assist in his defense.

When the Petitioner appeared for change of plea on April 26, 2005 he acknowledge that

he was not on any medication. (Change of Plea Transcript, p. 3).  When the Petitioner appeared

for sentencing on January 5, 2006 he acknowledged that he was not on any medication.

(Sentencing Transcript, p. 3).

The Petitioner has not listed the specific medications he is taking or the quantity or

strength of the medications. His allegations concerning his medications are conclusory and not

supported by any fact.  It does not appear that he has ever requested medical treatment for these

problems while incarcerated or that he has attempted to have his medication modified or

decreased.  The court also notes that no where in the Petitioner's pleadings does he state at what

moment his mind became fogged by his medications or at what moment it cleared to such a

degree that he understood he could file the current motion.   Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Richardson v. United States*, 577 F.2d 447, 452 (8th Cir.1978), cert. denied, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979). *Hollis v. U.S.,*  796 F.2d 1043, 1046 (C.A.8 (Mo.),1986).

Notwithstanding that the Petitioner's claim is barred by the Statute of Limitations the court will address his underlying claim.

**B.  Ineffective Assistance of Counsel.**

The Petitioner contends that his counsel was ineffective for failing to file a motion to suppress.

A Petitioner "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a

reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner  must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Where a claim of ineffective assistance of counsel is based on counsel's failure to file a motion to suppress, the petitioner must show that the motion to suppress would have been meritorious. *See, United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) (in determining whether there was prejudice to the defendant from his counsel's failure to file a motion to suppress "what is essentially the only evidence against a defendant," a court must examine whether the motion, "if one had been made, would have been successful"). Thus, where a

petitioner would have lost on a motion to suppress had it been made, he was not prejudiced for the failure to file. *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994).

On September 17, 2004, Fort Smith Police Officer Rodney Reed was working a traffic stop when he was approached by an individual named Douglas Hall. Hall told Officer Reed that he had a video tape containing child pornography left in his apartment by a former roommate Hall identified as Mathew Meyer, the Petitioner. (PSR, ¶ 4). The video tape was turned over to the Fort Smith Police Department Juvenile Crimes Division Detective Kris Deason. (PSR, ¶ 5).

Hall told investigators Meyer began living with him around July 2004. Hall said he found the video tape in Meyer's room in a chest of drawers in early August 2004. Hall said he viewed the video tape and saw it contained footage of Meyer engaging in sexual acts with a young boy. (PSR, ¶ 7). Hall told investigators he confronted Meyer about the tape and Meyer claimed it was the only time it had happened and that the boy in the tape was an eleven-year-old who lived in Meyer's apartment complex when Meyer lived with his previous roommate. (PSR, ¶ 8).

Detective Deason located the victim who verified the events on the video tape. (PSR, ¶ 10). After interviewing the victim and confirming Meyer's identity, a federal complaint and arrest warrant was authorized and law enforcement located and arrested Meyer in Treasure Island, Florida, in October 2004. (PSR, ¶ 13).

A warrantless search of abandoned property does not implicate the Fourth Amendment, for any expectation of privacy in the item searched is forfeited upon its abandonment. *United States v. Segars*, 31 F.3d 655, 658 (8th Cir.1994). The issue "is not abandonment in the strict property right sense, but rather, whether the defendant in leaving the property has relinquished h

[is] reasonable expectation of privacy so that the search and seizure is valid." *United States v. Hoey*, 983 F.2d 890, 892-93 (8th Cir.1993) (other citations omitted). Whether an abandonment has occurred is determined on the basis of the objective facts available to the investigating officers, not on the basis of the owner's subjective intent. *See United States v. Rem*, 984 F.2d 806, 810 (7th Cir.1993). "This determination is to be made in light of the totality of circumstances, and two important factors are denial of ownership and physical relinquishment of the property." *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir.1986). *U.S. v. Tugwell*, 125 F.3d 600 at 602. *See also U.S. v. James*, 534 F.3d 868, 873 (C.A.8 (Minn.),2008).

In this case it is clear that the petitioner abandoned the property because it was his roommate that delivered the video to the police after the petitioner had moved out of the apartment they shared. The petitioner does not contend that he did not abandon the property but only that the police should not have relied on the statements of his roommate that the video contained child pornography. *See ECF No.* 62, p. 10.

It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.,* 905 F.2d 218, 219 (C.A.8 (Minn.),1990). A motion to suppress in the present case would have been a meritless argument for the reasons stated above and the Petitioner's attorney was not ineffective for failing to do so.

## C. Evidentiary Hearing

Title 28 U.S.C. § 2255 provides in pertinent part that "Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon."

"A federal court may dismiss a claim without an evidentiary hearing where the allegations

are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).* A section 2255 petition can also be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). *See Evans v. U.S.,* 200 F.3d 549, 551 (C.A.8 (Iowa),2000).

Even if the court accepted the Petitioner's argument that his delay in filing his current motion under 28 U.S.C. § 2255 is excused because of equitable tolling his underlying argument that his attorney was ineffective for not filing a motion to suppress can be decided on the record and therefore no evidentiary hearing is necessary.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this October 15, 2010

_/s/ J. Marschewski_
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE